FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2012 MAY 10 PM 3: 45
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FRANKLIN LAMAR BACON,
a/k/a Franklin Lamar Wilkerson,

   Plaintiff,

v.

GEORGIA DEPARTMENT OF
CORRECTIONS; Warden FRAZIER;
Warden WILLIAMS; Deputy Warden
JOHNSON; Ms. COOPER;
Ms. HOLLOWAY; Dr. KINDRIX;
Ms. DEES; Dr. CHANEY;
Ms. YAWN; and Lt. WEST,

   Defendants.

CIVIL ACTION NO.: CV612-002

## ORDER

Plaintiff Franklin Lamar Bacon a.k.a. Franklin Lamar Wilkerson ("Plaintiff"), an inmate currently incarcerated at Wilcox State Prison in Abbeville, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983, contesting certain conditions of his confinement at Georgia Diagnostic and Classification Prison in Jackson, Georgia; Smith State Prison in Glennville, Georgia; and Telfair State Prison in Helena, Georgia. By Order dated February 7, 2012, the Magistrate Judge informed Plaintiff that his claims were unrelated and instructed Plaintiff to advise the Court as to which claim or related claims against which Defendant(s) he wishes to pursue in this action.

Plaintiff responded to the Magistrate Judge's February 7, 2012, Order. Plaintiff's Response suffered from the same defect as his original Complaint. By Order dated February 29, 2012, the Magistrate Judge again directed Plaintiff to advise the Court as to which claim or related claims against which Defendant(s) he wishes to pursue.

Following two extensions of time, Plaintiff has now filed two Responses to the Magistrate Judge's February 29, 2012, Order. In his first Response, Plaintiff states that he wants to pursue the following claims: intentional interference with treatment once prescribed, denial/delay of medical treatment, deliberate indifference, "cruel and unusual punishment/8th Amendment violations imminent danger/imminent serious physical injury, etc." (Doc. No. 21, p. 1). To further clarify his claims, Plaintiff states "[h]ere we have prison officials Doctor(s) P.A.'s Nurses Medical Staff to ignore the directives of inmate medical need, prior physician perscription(s) [sic] /damages to future health focusing in the light of prison authorities/Medical Staff(s) attitudes/also current conduct." (Id.).

In his second Response, Plaintiff alleges that medical personnel at Telfair State Prison discriminated against him on the basis of his race. Plaintiff also alleges that he was transferred from Telfair State Prison in retaliation for exercising his First Amendment rights. Plaintiff reasserts that members of the medical staff at different prisons were deliberately indifferent to his medical needs. Specifically, Plaintiff alleges that Dr. Chaney at Telfair State Prison knew that Plaintiff's blood pressure and cholesterol "was border line/extrem [sic] Dr. Chaney denyed [him] treatment/medical treatment for not wearing state boot in accordance with his desired unprofessional conduct." (Doc. No. 24, p. 4). Next Plaintiff alleges that, upon his arrival at Wilcox State

AO 72A
(Rev. 8/82)

Prison, Ms. Kilgore retaliated against him and failed to provide him with medical care.[1] Plaintiff also alleges that he has been denied access to the law library at Wilcox State Prison. Plaintiff summarizes this document by stating he wants to pursue all health care claims.

Plaintiff still fails to show a logical relationship between his many claims. Plaintiff has yet to properly comply with the Magistrate Judge's Orders instructing him to advise the Court as to which related claims, claims that "arise[ ] out of the same transaction, occurrence, or series of transactions or occurrences," FED. R. CIV. P. 20(a), he wishes to pursue. As a result, Plaintiff's Complaint is **DISMISSED**, without prejudice. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 10th day of May, 2012.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Plaintiff has not named Ms. Kilgore as a defendant. Additionally, in his original Complaint, Plaintiff did not allege violations of his rights while at Wilcox State Prison; these are new allegations.

AO 72A
(Rev. 8/82)